*Formatted for Electronic Distribution*                                            *Not for Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

Filed & Entered
On Docket
March 22, 2013

_____

In re
    **Alan B. Goldstein,**                                            Chapter 13
    **Debtor.**                                                        Case # 09-10565
_____

*Appearances:*  Jan M. Sensenich, Esq.
                   Norwich, VT
                   Chapter 13 Trustee

### MEMORANDUM OF DECISION
#### SUSTAINING IN PART AND DENYING IN PART THE TRUSTEE'S OBJECTION TO CLAIM # 8

      The issue before the Court is the extent to which a claim for damages arising from a pre-petition lease shall be allowed in this case. The Chapter 13 Trustee filed an objection to claim # 8 of BLS Limited Partnership (doc. # 41) and the creditor h as filed no response. For the reasons set forth below, the Court sustains in part and denies in part the Trustee's objection to claim # 8.

#### JURISDICTION

      This Court has jurisdiction over this case and the instant objection to claim pursuant to 28 U.S.C. §§ 157 and 1334 and declares it to be a core proceeding under 28 U.S.C. § 157(b)(2).

#### DISCUSSION

      On January 16, 2013, the Chapter 13 trustee (the "Trustee") filed an objection (doc. # 41) to the claim of BLS Limited Partnership ("BLS") in the amount of $289,789.15 (claim # 8). The BLS claim sets forth a debt for the remaining term of commercial lease that the Debtor guaranteed. The Trustee does not dispute that the Debtor owes the claim, but rather, in reliance upon 11 U.S.C. § 502(b)(5) and (6), disputes the extent to which the BLS claim is properly allowed in this case. Originally, the Trustee sought to have the claim disallowed in its entirety. The Trustee subsequently filed an amended proposed order (doc. # 45), seeking to have the claim allowed to the extent of the amount due for the term prior to the Debtor's filing of this bankruptcy case, *i.e.*, $44,012.74, and to have the balance of the claim disallowed.

The Bankruptcy Code provision governing allowance of claims is § 502(b), which provides, in pertinent part, as follows:

> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> . . .
> (5) such claim is for a debt that is unmatured on the date of the filing of the petition **and that is excepted from discharge under section 523 (a)(5) of this title**; [or]
> (6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—
> (A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—
> (i) the date of the filing of the petition; and
> (ii) the date on which such lessor repossessed or the lessee surrendered, the leased property; **plus**
> (B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates . . ..

11 U.S.C. § 502(b)(5)–(6) (emphasis added). BLS did not file any opposition to the Trustee's objection to claim. However, BLS's proof of claim was executed and filed in accordance with the Federal Rules of Bankruptcy Procedure and, consequently, constitutes *prima facie* evidence of the validity and amount of its claim. See Fed. R. Bankr. P. 3001(f). The claim must be allowed unless the Trustee meets his burden, as the objecting party, of demonstrating that a portion of or BLS's entire claim should be disallowed. See In re Smith, 2013 Bankr. LEXIS 687, *18 (Bankr. D. Vt. Feb. 22, 2013).

The Trustee's allegation that BLS's claim should be disallowed under § 502(b)(5) fails because that provision only applies to claims that are excepted from discharge under § 523(a)(5), *i.e.*, because they are domestic support obligations. The Trustee's objection does not suggest that this debt is in any way related to a domestic support obligation.

The Trustee's reliance upon § 502(b)(6) is sound, but his application of the formula set forth in that provision is flawed. As noted above, under § 502(b)(6), a lessor's claim is disallowed to the extent it exceeds the sum of the figures set out in the two prongs of that provision. One prong requires the inclusion of the unpaid rent due under the lease as of the date of the bankruptcy filing. See 11 U.S.C. § 502(b)(6)(B). Here, the BLS proof of claim asserts that the unpaid pre-petition rent due is $44,012.74 (claim # 8, p. 2), and the Trustee does not object to allowance of this sum, as evidenced by his revised proposed order (doc. # 45).

The other sum that must be included is the greater of one year's rent or the rent due for 15% of the remaining term (up to three years). See 11 U.S.C. § 502(b)(6)(A). The subject lease expires on

December 31, 2016, which is 90 months after the petition was filed.  Since 15% of the remaining 90-month term, *i.e.*, 13.5 months, is greater than one year and less than three years, this is the term of rent that must be allowed to satisfy the second prong of § 502(b)(6).  This includes $28,125.09 for base rent, plus $2,700 for CAM, plus $3,375 for real estate taxes, for a total of $34,200.09.[1]  While there is a split in authority as to whether the 15% should be computed as 15% of the total rent due under the remaining term of the lease, or 15% of the number of months remaining in the lease term multiplied by the monthly rent amount, the statute seems to clearly contemplate that the 15% is directed at the number of months in the remaining term, and this Court therefore follows the minority view.  See Collier on Bankruptcy, vol. 4, ¶ 502.03[7][c] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012)  (holding that the better view is that computation of the 15% figure is based upon 15% of the term rather than 15% of total rent, and the rent due should be calculated based upon the monthly rent during the period immediately following the termination of the lease, or the petition date, whichever is earlier).

The sum of the figures computed under the two prongs of § 502(b)(6) is $78,212.83.

### CONCLUSION

Since § 506(b)(2) determines the amount of BLS's allowed claim, and application of the formula set forth in that statute yields an allowed unsecured claim in the amount of $78,212.83, the Trustee's objection is sustained in part and overruled in part.  The BLS claim is allowed in the amount of $78,212.83 and the remainder of the claim, in the amount of $211,576.32, is disallowed.

This constitutes the Court's findings of fact and conclusions of law.

March 22, 2013  
Burlington, VT

Colleen A. Brown  
United States Bankruptcy Judge

---

[1] The lease underlying this claim calls for the tenant to pay rent that includes three components.  The tenant is required to pay base rent in the amount of $2,083.34 per month for the period June 1, 2009 through December 31, 2011, and base rent in the amount of $2,291.67 per month for the period of January 1, 2012 through December 31, 2016.  Additionally, during the entire term of the lease the tenant is obligated to pay $200.00 per month for CAM and $250.00 per month for real estate taxes.  See claim # 8, pp. 2, 6–7.  Since the first year of post-petition rent is at the lower amount, the Court computes the base rent due using that figure.